**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELLIOT STEED,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 3:25-CV-565** |
| **v.** | : | **(JUDGE MANNION)** |
| **LUZERNE COUNTY CORRECTIONAL FACILITY,** *et al.,* | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint.

**I.    BACKGROUND**

Plaintiff, Elliot Steed, brings the instant case pursuant to 42 U.S.C. §1983, alleging that defendants, various individuals employed by Luzerne County Correctional Facility, the Luzerne County Court of Common Pleas, Luzerne County, the Luzerne County Public Defender's Office, the Commonwealth of Pennsylvania, the Wilkes-Barre Police Department, and the Pennsylvania State Police are violating his constitutional rights. (Doc. 1).

According to the allegations in the complaint, Steed was arrested on December 19, 2023, by defendant Raul Ortiz, an officer with the Wilkes-

Barre Police Department on an arrest warrant for domestic violence. (*Id.* at 6). He was detained in the Luzerne County Correctional Facility ("LCCF"), where unnamed officers "never allowed" him to go to a court hearing. (*Id.*) The criminal charges were subsequently dismissed, but the jail allegedly refused to release him because defendant Thomas F. Malloy, Sr., a magisterial district judge, kept "allowing new charges [to be] filed" against him while he was in custody. (*Id.*) The complaint states that as of the time of writing, Steed was detained in LCCF on charges that he was a fugitive from justice and was arrested prior to requisition. (*Id.*)

The complaint alleges that, beginning on January 4, 2024, and continuing to the present date, unnamed officers in LCCF have "poisoned [Steed's] food, water, juice, etc." (*Id.* at 6). Steed also allegedly has been assaulted by "the Luzerne County Jail Correctional Officers" and "tased, maced, and beat[en] up on several occasion[s]." (*Id.*) The complaint states that Steed has been denied medical treatment while in custody and that the alleged poisoning has caused him "severe heart and liver failure." (*Id.*) The complaint alleges that Steed will die unless he is given medical treatment. (*Id.* at 7). Steed alleges violations of his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights and requests monetary relief and injunctive

relief requiring the defendants to provide him medical care and transfer him out of LCCF. (*Id.* at 7).

## II.    DISCUSSION

This court must review a complaint when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis. Id.* §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); *Smith v. Delaware*, 236 F. Supp.3d 882, 886 (D. Del. 2017).

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.

3

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for
> redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983,

a plaintiff must demonstrate that the challenged conduct was committed by

a person acting under color of state law and deprived the plaintiff of rights,

privileges, or immunities secured by the Constitution or laws of the United

States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms,

Section 1983 does not create a substantive right, but merely provides a

method for vindicating federal rights conferred by the United States

Constitution and the federal statutes that it describes. *Baker v. McCollan*,

443 U.S. 137 (1979).

A defendant cannot be liable for a violation of a plaintiff's civil rights

unless the defendant was personally involved in the violation. *Jutrowski v.

Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's

personal involvement cannot be based solely on a theory of *respondeat

superior. Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather,

for a supervisor to be liable for the actions of a subordinate, there must be

allegations of personal direction or actual knowledge and acquiescence. *Id.*

Section 1983 allows claims only against a "person" who violates the

plaintiff's constitutional rights while acting under color of state law. 42 U.S.C.

5

§1983. County jails are not persons subject to suit under Section 1983. *See, e.g., Edwards v. Northampton County*, 663 F. App'x 132, 136 (3d Cir. 2016); *Beaver v. Union County Pennsylvania*, 619 F. App'x 80, 83 (3d Cir. 2015); *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013).

Steed's complaint plainly fails to state a claim upon which relief may be granted because it fails to allege the personal involvement of any defendant in the alleged civil rights violations. The complaint alleges numerous wrongs during Steed's detention in LCCF, including poisoning, assault, tasing, macing, and denial of medical care, but does not allege that any defendants were personally involved in these actions except LCCF, which is not a proper defendant to a Section 1983 claim. *See Edwards*, 663 F. App'x at 136; *Beaver*, 619 F. App'x at 83; *Lenhart*, 528 F. App'x at 114.

The only defendants against whom Steed makes specific allegations are defendant Ortiz, who allegedly arrested Steed, and defendant Malloy, who allegedly allowed criminal charges against Steed to proceed. Based on the allegations in the complaint, however, it appears that these actions were simply job duties that Ortiz and Malloy were required to perform in their professional roles as a police officer for the Wilkes-Barre Police Department

and a magisterial district judge,[1] respectively. There are no allegations in the complaint as to how Ortiz and Malloy committed any civil rights violations in performing these duties.[2] Accordingly, because the complaint fails to allege the personal involvement of any individual defendants other than Ortiz and Malloy and fails to state a claim upon which relief may be granted against those defendants, the court will dismiss the complaint without prejudice.

Before dismissing a civil rights claim for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). With the exception of the claims against LCCF,[3] the court will grant Steed leave to file an amended complaint because it cannot say as a

---

[1] It appears that Malloy may be entitled to judicial immunity because the claims against him are based on actions he took in his role as a magisterial district judge. *See, e.g.*, *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *Brown v. Friel*, 842 F. App'x 792, 794 (3d Cir. 2021). Given the sparse factual allegations against Malloy, however, the court will dismiss the claims against him solely for failure to state a claim at this stage of litigation because the court cannot properly analyze the question of judicial immunity on such limited allegations.

[2] Although the complaint states that the arrest warrant that authorized Ortiz to arrest Steed was "false" he does not make any factual allegations in support of this statement. Steed's conclusory statement that the warrant was "false" is not entitled to the assumption of truth and is not by itself sufficient to state a claim upon which relief may be granted against Ortiz.

[3] As noted above, LCCF is not a proper defendant. The claims against LCCF will accordingly be dismissed with prejudice.

matter of law at this stage of litigation that amendment would be inequitable or futile.

## III.    CONCLUSION

For the foregoing reasons, the court will dismiss Steed's complaint without prejudice and grant him leave to file an amended complaint. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 4/7/25
25-565-01

8